-PS-O-

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

WILLIAM A JACKSON,

        Plaintiff,

    -v-

ROSEANNE OLIVERO, M.D., PAT GILLILAND, M.D.,
ABDUL R. CHAUDHRY, M.D., MUSHTAQ KHAN, M.D.,

        Defendants.

**DECISION AND ORDER**
09-CV-0995M

---

WILLIAM A JACKSON,

        Plaintiff,

    -v-

DHARAM SINGLA, M.D., DR. SHIEKH, M.D.,
ROSEANNE OLIVERO, M.D., PAT GILLILAND, M.D.,
ABDUL R. CHAUDHRY, M.D., MUSHTAQ KHAN, M.D.,

        Defendants.

**DECISION AND ORDER**
09-CV-1105M

---

## INTRODUCTION

Plaintiff, William Jackson, an inmate at the Gowanda Correctional Facility, has filed *pro se* the two above referenced complaints which both allege inadequate medical treatment by the defendant doctors at both the Wyoming Correctional Facility and the Wyoming County Community Health Systems, a

hospital to which he was referred by defendants Singla and Shiekh, two doctors at the Wyoming Correctional Facility (09-CV-1105M), between March and September 2008. Because the complaint in the second action (09-CV-1105M) appears to be an amendment to the complaint in the first action, the Court finds that the complaint in the second action should be construed as an amended complaint in the first action and docketed as such in the first action (09-CV-0995M), and that the second action should be dismissed so that the allegations in both cases can proceed in one case alone (09-CV-0995M).[1]

Additionally, because the allegations in both complaints fail to sufficiently allege a claim of deliberate indifference to a serious medical need in violation of the Eight Amendment to the United States Constitution, plaintiff will be provided leave to file a second amended complaint in 09-CV-0995M, to allege sufficient claims of deliberate indifference against the defendants named in both actions.

Accordingly, and for the reasons discussed below, plaintiff's request to proceed as a poor person in 09-CV-0995M is granted, but unless plaintiff files a second amended complaint as directed below in 09-CV-0995M, the remaining action (09-CV-0995M) will be dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A. Because 09-CV-1105M is being dismissed, the request to proceed *in forma pauperis* in 09-CV-1105M is denied,

---

[1] *Pro se* petitions should be characterized according to the relief sought, and not to the label given to them by pro se prisoners unlearned in the law, *see Chambers v. U.S.*, 106 F.3d 472, 475 (2d Cir. 1997).

and the complaint in said action shall be docketed as an amended complaint in 09-CV-0995M. The Clerk of the Court is directed to take whatever action necessary to close 09-CV-1105M.

## DISCUSSION

Because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization with respect to 09-CV-0995M, plaintiff is granted permission to proceed *in forma pauperis* in said action. Sections 1915(e)(2)(B) and 1915A(a) of 28 U.S.C. require the Court to conduct an initial screening of this complaint. In evaluating the complaint, the Court must accept as true all of the factual allegations and must draw all inferences in plaintiff's favor. *See Larkin v. Savage*, 318 F.3d 138, 139 (2d Cir. 2003) (per curiam); *King v. Simpson*, 189 F.3d 284, 287 (2d Cir. 1999). While "a court is obliged to construe [*pro se*] pleadings liberally, particularly when they allege civil rights violations," *McEachin v. McGuinnis,* 357 F.3d 197, 200 (2d Cir. 2004), even pleadings submitted *pro se* must meet the notice requirements of Rule 8 of the Federal Rules of Civil Procedure. *Wynder v. McMahon*, 360 F.3d 73 (2d Cir. 2004). While "[s]pecific facts are not necessary," and the plaintiff "need only 'give the defendant fair notice of what the ... claim is and the grounds upon which it rests[,]' " *Erickson v. Padus*, 551 U.S. 89, 93 (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (internal quotation marks and citation omitted), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is

3

plausible on its face.'" *Ashcroft v. Iqbal,* – U.S. –, 129 S. Ct. 1937, 1949 (2009) (quoting *Twombly,* 550 U.S. at 570). Generally, the Court will afford a *pro se* plaintiff an opportunity to amend or to be heard prior to dismissal "unless the court can rule out any possibility, however unlikely it might be, that an amended complaint would succeed in stating a claim." *Abbas v. Dixon,* 480 F.3d 636, 639 (quoting *Gomez v. USAA Federal Savings Bank,* 171 F.3d 794, 796 (2d Cir. 1999) (*per curiam* )).

Plaintiff brings this action pursuant to 42 U.S.C. § 1983. "To state a valid claim under 42 U.S.C. § 1983, the plaintiff must allege that the challenged conduct (1) was attributable to a person acting under color of state law, and (2) deprived the plaintiff of a right, privilege, or immunity secured by the Constitution or laws of the United States." *Whalen v. County of Fulton*, 126 F.3d 400, 405 (2d. Cir. 1997) (citing *Eagleston v. Guido*, 41 F.3d 865, 875-76 (2d Cir.1994)). Based on its evaluation of the complaints in both actions, the Court finds that plaintiff's claims must be dismissed for failure to state a claim, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b), unless he files a second amended complaint in 09-CV-0995M as directed below. *Davidson v. Flynn*, 32 F.3d 27, 31 (2d Cir. 1994) ("Sparse pleadings by a pro se litigant unfamiliar with the requirements of the legal system may be sufficient at least to permit the plaintiff to amend his complaint to state a cause of action"); Fed.R.Civ.P. 15(a) (leave to amend "shall be freely given when justice so requires").

## A. PLAINTIFF'S CLAIMS

Plaintiff's complaint in 09-CV-0995M alleges that he was referred to the Wyoming County Community Health System by two Wyoming Correctional Facility doctors, Singla and Shiekh,[2] and that defendant Khan, whom he saw for the first time on March 24, 2008 at the Wyoming County Community Health System Emergency Room, "was the first to violate my medical needs that I truly was in need of re[a]listically and in a real way. Then the rest of the Doctors followed suit in the same demeanor of violations [towards] me. I have all is need[ed] to show pro[o]f of malpractice from the Doctors. My body!!!" (Docket No. 1, 09-CV-0995M, Complaint, ¶ 5A, First Claim, at 5).

The complaint in 09-CV-1105M alleges that between March and September 2008, plaintiff had gone to the clinic at Wyoming Correctional Facility because he was sick and in pain every day, and although they did perform some medical tests it "was a lot of smoke, just to have it look real. . . "Then even more cover up took place when I broke my left ribs cage [sic] when I fell on ice on my unit . . . The real proof is in me (My Body). I was told it was in my head. That there isn't nothing [sic] wrong with me by the Doctors themself [sic]. (Docket No. 1, 09-CV-1105M, Complaint, ¶ 5A, First Claim, at 4). The second claim in 09-CV-1105M alleges that from March to July 2008, the same four doctors at the

---

[2]These two doctors were not named in the first action (09-Cv-0995M) but were named in the second action (09-CV-1105M), along with the four doctors from the Wyoming County Community Health System named in the first action (09-CV-0995M).

5

Wyoming County Community Health System named in the complaint in 09-CV-995M--Khan, Chaudry, Oliverio and Gilliland--covered up his broken ribs by falsifying his medical records and failed to give him proper medical treatment and "that the doctors knew there was something medical[l]y wring with me." ((Docket No. 1, 09-CV-1105M, Complaint, ¶ 5A, Second Claim, at 4-5).

To show that prison medical treatment was so inadequate as to amount to "cruel or unusual punishment" prohibited by the Eighth Amendment, plaintiff must prove that defendants' actions or omissions amounted to "deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Harrison v. Barkley*, 219 F.3d 132, 136-137 (2d Cir. 2000) ("A serious medical condition exists where 'the failure to treat a prisoner's condition could result in further significant injury or the unnecessary and wanton infliction of pain.'" (quoting *Chance v. Armstrong*, 143 F.3d 698, 702 (2d Cir. 1998)). As the Supreme Court explained in *Wilson v. Seiter*, 501 U.S. 294, 298-99 (1991), this standard includes both an objective and a subjective component. With respect to the objective component, the court must ask whether there has been a sufficiently serious deprivation of the prisoner's constitutional rights. With respect to the subjective component, the court must consider whether the deprivation was brought about by defendants in wanton disregard of those rights. *Id.* To establish deliberate indifference, therefore, plaintiff must prove that the defendants had a culpable state of mind and intended wantonly to inflict pain. *See Wilson*, 501 U.S. at 299;

*DesRosiers v. Moran*, 949 F.2d 15, 19 (1st Cir. 1991); *Steading v. Thompson*, 941 F.2d 498, 500 (7th Cir. 1991), *cert. denied*, 502 U.S. 1108 (1992); *Ross v. Kelly*, 784 F.Supp. 35, 44 (W.D.N.Y.), *aff'd*, 970 F.2d 896 (2d Cir.), *cert. denied*, 506 U.S. 1040 (1992).

The Court in *Estelle* cautioned that mere negligence is not actionable. "A [prisoner's] complaint that a physician has been negligent in diagnosing or treating a medical condition does not state a valid claim of medical mistreatment under the Eighth Amendment. Medical malpractice does not become a constitutional violation merely because the victim is a prisoner." *Estelle*, 429 U.S. at 106. Rather, the plaintiff must allege conduct that is "repugnant to the conscience of mankind," *id.* at 102, or "incompatible with the evolving standards of decency that mark the progress of a maturing society," *id.* at 105-06. It is clear, then, that allegations of malpractice do not state a constitutional claim. *Id.*, 429 U.S. at 106 and n. 14; *Chance*, 143 F.3d at 703-04; *Ross*, 784 F.Supp. at 44.

Given the situation described by plaintiff in both complaints, the Court finds that plaintiff has not alleged a serious medical need, and that, even if he had, he has failed to allege in any way that the defendant doctors were deliberately indifferent to this need. As such the allegations set forth in both complaints fail to state a claim for relief under the Eighth Amendment. Plaintiff's second amended complaint must allege in factual terms the nature of his serious medical need or needs that he sought treatment for at both the Wyoming Correctional Facility and

Wyoming County Community Health Systems, and how each of the doctors named in the complaints herein were deliberately indifferent to said need or needs. Plaintiff's failure to sufficiently allege both components of an Eighth Amendment deliberate indifference claim will lead to dismissal of the second amend complaint.

## CONCLUSION

Because the complaint in 09-CV-1105M is an amendment to the complaint filed in 09-CV-0995M, the complaint in 09-CV-1105M will be construed and docketed as an amended complaint in 09-CV-0995M, and the Clerk of the Court will be directed to close 09-CV-1105M. Also, because plaintiff has met the statutory requirements of 28 U.S.C. § 1915(a) and filed an Authorization in 09-CV-0995M, his request to proceed *in forma pauperis* in 09-CV-0995M is granted. For the reasons set forth above, the amended complaint as docketed in 09-CV-0995M will be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) unless plaintiff files a second amended complaint in 09-CV-0995M by **May 20, 2010**, in which he includes the necessary allegations regarding his claims as directed above and in a manner that complies with Rules 8 and 10 of the Federal Rules of Civil Procedure.

Plaintiff is advised that the second amended complaint is intended to **completely replace** the prior complaints in these actions. "It is well established that an amended complaint ordinarily supersedes the original and renders it of no

legal effect." *Arce v. Walker*, 139 F.3d 329, 332 n. 4 (2d Cir. 1998) (quoting *International Controls Corp. v. Vesco*, 556 F.2d 665, 668 (2d Cir. 1977)); *see also Shields v. Citytrust Bancorp, Inc.*, 25 F.3d 1124, 1128 (2d Cir. 1994). Therefore, plaintiff's second amended complaint in 09-CV-0995M must include all of the allegations against each of the defendants named in both 09-CV-0995M and 09-CV-1105M so that the second amended complaint may stand alone as the sole complaint in 09-CV-0995M which the defendants must answer.

Plaintiff is forewarned that if he fails to file a second amended complaint as directed in 09-CV-0995M, said action (09-CV-0995M) will be dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B). Plaintiff is further forewarned that his right to pursue further relief in federal court at public expense will be greatly curtailed if he has three actions or appeals dismissed under the provisions of 28 U.S.C. § 1915(e)(2)(B). *See* 28 U.S.C. § 1915(g).

## ORDER

IT HEREBY IS ORDERED, that the complaint in 09-CV-1105M shall be docketed as amended complaint in 09-CV-0995M, and the Clerk of the Court shall take whatever action necessary to close 09-CV-1105M;

FURTHER, that plaintiff's motion to proceed *in forma pauperis* in 09-CV-0995M is granted and the Clerk of the Court shall notify the Wyoming Correctional Facility that it shall cancel any encumbrance placed on Mr. Jackson's inmate trust account for the filing of 09-CV-1105M and that if any

9

monies had been paid to the Court for the filing of 09-CV-1105M it shall be returned to Wyoming for deposit into Mr. Jackson's inmate account;

FURTHER, that plaintiff's motion for the appointment of counsel in 09-CV0995M is denied without prejudice inasmuch as it is premature at this time in light of the fact that plaintiff must file a second amended complaint that states a claim for relief. The motion for appointment of counsel in 09-CV-1105M is denied as moot in light of the dismissal of said action;

FURTHER, that plaintiff is granted leave to file a second amended complaint in the remaining action (09-CV-0995M) as directed above by **May 20, 2010**;

FURTHER, that the Clerk of the Court is directed to send to plaintiff with this order a copy of the original complaint in both 09-CV-0995M and 09-CV-1105M, a blank § 1983 complaint form, and the instructions for preparing an amended complaint;

FURTHER, that in the event plaintiff fails to file a second amended complaint as directed above by **May 20, 2010**, the remaining action (09-CV-0995M) shall be dismissed with prejudice without further order of the Court;

FURTHER, that in the event the remaining action (09-CV-0995M) is dismissed because plaintiff has failed to file a second amended complaint by **May 20, 2010**, the Clerk of the Court shall close the remaining action (09-CV-0995M) as dismissed with prejudice without further order; and

FURTHER, that in the event the remaining action (09-CV-0995M) is dismissed because plaintiff has failed to file a second amended complaint by **May 20, 2010**, the Court hereby certifies, pursuant to 28 U.S.C. § 1915(a), that any appeal from this Order would not be taken in good faith and leave to appeal to the Court of Appeals as a poor person is denied. *Coppedge v. United States*, 369 U.S. 438 (1962). Further requests to proceed on appeal *in forma pauperis* should be directed on motion to the United States Court of Appeals for the Second Circuit in accordance with Rule 24 of the Federal Rules of Appellate Procedure;

FURTHER, the Clerk of the Court shall docket this Order in both the above-referenced actions.

IT IS SO ORDERED.

_____
HONORABLE RICHARD J. ARCARA
DISTRICT JUDGE
UNITED STATES DISTRICT COURT

Dated: April 15, 2010